*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re Guardianship of LAV.

JOHN RICHARD VIDOLICH II,

Petitioner-Appellant,

v

LAV LII,

Respondent-Appellee.

UNPUBLISHED
August 12, 2026
12:44 PM

No. 378104
Washtenaw Probate Court
LC No. 25-000093-GA

Before: GADOLA, C.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Petitioner appeals the probate court's order dismissing his petition for guardianship of his mother, LAV. Because the probate court improperly dismissed the case, we reverse and remand for further proceedings.

Before this current case, petitioner petitioned for a guardianship and conservatorship for LAV and his father, JRV. After petitioner's brother, Daniel Vidolich, objected to the petitions, the matter was resolved through a settlement agreement which designated Daniel's wife as LAV's attorney-in-fact, giving her access to information about LAV's assets, income, and liabilities, as well as designating petitioner as LAV's "patient advocate to assist in medical decision-making."

Four years later, petitioner again petitioned for the appointment of a guardian and conservator for LAV. On the petition form, petitioner checked that LAV had a patient advocate and power of attorney (POA), that the patient advocate (apparently referring to Daniel) was not acting consistent with the ward's best interests, and that the person with care and custody of LAV denied others any access to LAV. With the petition form, petitioner also submitted an "Emergency Petition to Enforce Mediated Settlement Agreement and for Appointment of GAL to Evaluate Guardianship and Conservatorship," alleging that Daniel "shut" petitioner out of LAV's life, that "Daniel has had his parents execute a new patient advocate designation naming himself as PA,"

-1-

and that LAV's medical providers have rejected petitioner's previous patient advocate documents as a result.

After the petition was filed, petitioner filed an emergency petition for an ex parte order regarding LAV's residency, alleging that Daniel was unilaterally moving LAV to a town three hours from her current location. Petitioner asserted that Daniel claimed to have the authority to authorize the move under a medical POA for LAV. Petitioner's concern was that if LAV moved to the new location and established residence there, Daniel would be able to dismiss the instant matter because venue would be inappropriate.

The probate court held a hearing on the petition, much of which pertained to whether LAV would receive an individual attorney. The probate court then turned to scheduling the next hearing, a two-hour hearing, and stated that the hearing would center around two issues: (1) the validity of Daniel's POA; and (2) the removal of Daniel as POA, if there was time to address it. The parties then agreed that the next hearing would only focus on the first issue because there would not be enough time within the two-hour hearing for the second issue.

At the following hearing, petitioner conceded the validity of the POA but asserted that whether the POA was being "used properly" was "still at issue." He also stated that he and Daniel had a tentative plan to bring LAV to petitioner's home for an appointment with her primary care physician.

The probate court dismissed the case, making the following declaration: "So, powers of attorney not being contested, I am going to find both the guardianship and the conservatorship case there is a lesser means and a less restrictive means with which to keep [LAV] protected . . . I find that there's not ground because there is a valid power of attorney. I'm going to dismiss the guardianship case and the conservatorship case." Petitioner again noted that he was contesting whether the POA was being used properly, and the probate court asked whether LAV was living outside of the probate court's county. Upon receiving confirmation, the probate court replied, "You file up north and say it's not being used properly. [I'm] out."

The probate court then issued two orders, one dismissing the petition for guardianship and the other dismissing the petition for the conservatorship. In the order pertinent here, the probate court hand wrote that there was a "valid power of attorney in place," checked the box "dismissed/withdrawn," and further wrote "case closed." Petitioner now appeals the dismissal of the guardianship petition in this appeal.[1]

Petitioner argues that the probate court abused its discretion by dismissing the petition on the basis of improper venue and on the merits. The Court reviews "for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Bibi Guardianship*, 315 Mich App 323, 328; 890 NW2d 387

---

[1] Petitioner also appealed the order dismissing the petition for the conservatorship in a separate appeal, Docket No. 378106. At the time of this opinion, that appeal has not yet been scheduled for oral arguments. Because the instant appeal before this panel is only an appeal of the order dismissing the petition for guardianship, that is the only decision we are reviewing today.

(2016). The probate court abuses its discretion when its decision is outside the range of reasonable and principled outcomes or is an error of law. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). Questions of statutory interpretation are reviewed de novo. *In re Tchakarova*, 328 Mich App 172, 182; 936 NW2d 863 (2019).

Although a court speaks through its written orders, and the order of dismissal did not mention venue, given the paucity of explanation in the written order and the probate court's explanation for dismissing the case during the hearing, we will first address the issue of venue. MCL 700.5302 provides that the "venue for a guardianship proceeding for an incapacitated individual is in the place where the incapacitated individual resides or is present." If venue is improper in a civil action, then the probate court must order a change of venue if defendant timely moves for a change. MCR 2.223(A)(1). The probate court may also order a change of venue on its own initiative as long as the parties were given notice and an "opportunity for them to be heard on the venue question." MCR 2.223(A)(2).

Improper venue is not a grounds for dismissal; the "only remedy provided for improper venue is a motion for change of venue." *Whiting v Neuman*, 11 Mich App 201, 207; 160 NW2d 795 (1968). Here, the probate court appears to have dismissed the petition at least in part because of improper venue based on its question and response to petitioner's answers that LAV was living outside of the county. Once there were indications that venue was improper, either a party needed to move to change venue or the probate court needed to consider a change of venue with notice and an opportunity to be heard. Because neither occurred, the probate court's dismissal of the action was an error of law and therefore an abuse of discretion.

Irrespective of venue, the probate court also abused its discretion in dismissing the action on its merits. Petitioner's case was premised on a lack of a valid POA or, alternatively, an abuse of that power. At the hearing, petitioner conceded the first issue of a valid POA but still indicated opposition relating to the improper use of that valid POA. Instead of listening to the merits of the argument, the probate court proceeded to dismiss the case in part because the validity of the POA was not being contested.

Although there may be a valid POA, that does not necessarily mean that a guardianship is needless:

> [U]nder MCL 700.5306(5), a guardianship is not necessarily precluded when an incapacitated individual has named a patient advocate when of sound mind. Instead, if there is evidence the patient advocate was violating the terms of the healthcare power of attorney document, failing to perform statutory duties, or not acting in the best interests of the ward, the trial court is permitted to appoint a guardian in place of the patient advocate. [*In re Guardianship of JEK*, unpublished per curiam

opinion of the Court of Appeals, issued May 18, 2023 (Docket Nos. 364111 and 364112), p 10.][2]

Here, the probate court could appoint a guardian for LAV in place of a POA if, as petitioner alleged, that POA was not acting in LAV's best interests. Therefore, the probate court's dismissal of this petition based on the presence of a valid POA, without regard to the appropriateness of that POA's assistance, was an abuse of discretion.

Reversed and remanded. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Brock A. Swartzle

---

[2] Unpublished opinions are not precedentially binding under MCR 7.215(C)(1), but the Court may follow those opinions if it finds the reasoning persuasive. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).